JAMES BELSHAW *v.* ISAAC W. COLIE.

A defendant in a justice's court is not entitled to a long adjournment, without giving, in addition to a proper affidavit, security for his appearance and for payment of damages and costs.

*It seems*, that when such affidavit and security are given, the statute (2 Rev. Laws, 224, § 92) gives the justice no discretion, but the right to an adjournment is absolute.

Where a plaintiff has performed work pursuant to a contract with the defendant, and has been prevented from completing it by the defendant's failure to perform a portion stipulated to be done by him before the plaintiff's further performance was practicable; the plaintiff may treat the contract as rescinded, and recover the value of the work done.

Where the owner sought to set off to a contractor's claim for work upon a building, the price of certain lime which had been furnished and charged, first to the contractor, and then to the owner; it was *held*, that to establish the set off, the burthen of proof rested upon the owner to show, either that he had paid for the lime, or that he, and not the contractor, was liable for it.

The contract in question being in writing and in the name of the plaintiff only, it is no ground for reversing the judgment against the defendant, that he was not permitted to prove that a third person was jointly interested with the plaintiff in the cause of action, the issue having been joined on the merits, and the parties having gone to trial without any objection for want of parties.

APPEAL from the sixth district court, where the plaintiff obtained judgment for work done and materials furnished. The facts are sufficiently indicated in the opinion.

BY THE COURT. WOODRUFF, J.—It does not appear by the return in this case, that the defendant, on his motion for an adjournment, offered any security for his appearance and for the payment of the damages and costs. Had he done so, he would have been entitled to the adjournment sought. The justice has no discretion given him on this subject by the statute. (Act to reduce, &c., 2 Rev. Laws, p. 224, &c., § 92; 2 Cow. 425.) The requisite affidavit being *made* and security given, the right to an adjournment is absolute.

Upon the evidence, I think the finding of the justice must

be sustained, so far at least that we cannot say the judgment is against evidence.

The action was to recover for work done and materials furnished in part performance of a written contract, the complete performance of which was prevented by the defendant, and for damages sustained by the plaintiff in being thus prevented.

There was evidence of work done in pursuance of the contract, and that the plaintiff was hindered and prevented completing the work by the defendant's failure to perform that portion of the work stipulated to be done by him before the plaintiff's further performance was practicable.

If this state of facts was proved, there is no doubt of the right of the plaintiff to rescind the contract and recover the value of the work actually done.

There was conflicting evidence on this point, and also in regard to the quantity of the work and materials and their quality, and the cause of apparent imperfections, but we cannot say under such circumstances that the finding of the justice is so far against the weight of evidence that it ought to be set aside.

In regard to the set off claimed by the defendant: 1st. It does not distinctly appear that the plaintiff is not himself now responsible for the 12 barrels of lime furnished by a witness. The witness testifies, first, that he charged it to the plaintiff, and secondly, that he charged it to the defendant—neither has paid for it. To establish the right to set off this item, the defendant, on whom the burthen of proof rested, should either have shown that he had paid for the lime, or that he and *not* the plaintiff was liable for it.

2d. It is left in doubt by the evidence what was the cause of the settling of the walls, by means of which the window sills were cracked. It may have been the nature of the soil or some cause not inconsistent with the well performance of the work done by the plaintiff. And 3d, in regard to the labor of the defendant's men upon work of the plaintiff, it was obviously, so far as such work was proved, a mere interchange by way of mutual assistance.

The objection that the defendant should have been permitted to show that the plaintiff had a partner who was also interested in the suit, cannot be urged as ground of reversal. No such objection was raised by the answer, and it was not apparent on the face of the complaint so as to be reached by demurrer.

The plaintiff was the real party in interest, although he may not have been the *sole* party in interest. If the 15th subdivision of § 64 of the code of procedure makes the provisions of §§ 111, 144 and §§ 147, 148, applicable to justices' courts, a *defect* of parties is waived, unless the objection is taken by answer; and before the passage of the code it was not necessary nor allowable in such case to bring the action in the name of any other than of him with whom the contract was made, nor was it necessary to join a dormant partner as plaintiff. (4 Wend. 628.)

I do not think any of the grounds of reversal urged by the counsel for the appellant in the argument submitted, are sufficient to call for interference with the judgment.

Judgment affirmed, with costs.